UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN,

                    Petitioner,          Case No. 12-cv-12484

                                         HONORABLE STEPHEN J. MURPHY, III

v.

CAROL HOWES,

                    Respondent.
_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS
PETITION TO THE UNITED STATES COURT OF APPEALS**

Petitioner, Philip Berryman, presently serving a term of life imprisonment at the

Lakeland Correctional Facility, filed a pro se petition for habeas corpus on June 7, 2012,

pursuant to 28 U.S.C. § 2254, through his next friend, Fostine L. Berryman.  The petition

challenges his Wayne Circuit Court jury trial conviction for one count of first-degree murder,

Mich. Comp. Laws 750.316.  Because Berryman filed a prior habeas corpus petition

challenging this conviction which was denied for failure to comply with the statute of

limitations, his pending petition will be transferred to the court of appeals as a second or

successive petition.

This matter has an extensive procedural history.  Subsequent to his 1970 conviction

and sentence, Berryman filed an appeal with the Michigan Court of Appeals, raising claims

of extradition errors, errors in the admission of prior druggings, prosecutorial misconduct

in commenting on his failure to testify, and Confrontation Clause violations. In a published

opinion, the Michigan Court of Appeals affirmed his convictions and sentences. *People v.*

*Berryman*, 43 Mich.App. 366 (1973). Berryman then filed an application for leave to appeal from that decision with the Michigan Supreme Court, which was denied. *People v. Berryman*, 390 Mich. 801 (1973) (table).

Berryman then filed his first habeas petition in this district, assigned as case number 4-71274. In an Opinion and Order dated December 26, 1974, the district court granted habeas relief with respect to Berryman's first-degree murder conviction because of an inappropriate comment made by the prosecutor regarding Berryman's failure to testify at trial. *Berryman v. Colbert*, 387 F.Supp. 378 (E.D. Mich. 1974). On July 21, 1976, the Sixth Circuit affirmed this decision. *Berryman v. Colbert*, 538 F.2d 1247 (6th Cir. 1976).

Subsequently, Berryman was retried on the first-degree-murder charge and was again convicted. In February 1977, he was sentenced to life in prison. Berryman appealed that conviction to the Michigan Court of Appeals, which affirmed his conviction and sentence. *People v. Berryman*, No. 77-1411 (Mich. Ct. App. June 21, 1979). The Michigan Supreme Court thereafter denied his application for leave to appeal.

In December 1982, Berryman filed his second petition for writ of habeas corpus, again in this district, challenging his convictions upon retrial. On January 15, 1985, the petition was denied. *Berryman v. Wells*, No. 82-74530 (E.D. Mich. Jan. 15, 1985). And, on March 3, 1986, the Sixth Circuit denied Berryman a certificate of probable cause, preventing him from seeking review of the district court order. *Berryman v. Wells*, No. 85-1774 (6th Cir. Mar. 3, 1986).

Five years later, on August 19, 1991, Berryman filed a third habeas petition, again in this district, which was given case number 91-74099 and assigned to the Honorable Bernard A. Friedman. On April 30, 1993, Magistrate Steven D. Pepe issued a Report and

2

Recommendation, recommending that Berryman's petition be denied because he failed to exhaust some of his claims. Subsequently, Judge Friedman issued an Opinion and Order, adopting Magistrate's Pepe's Report and Recommendation. *Berryman v. Grayson*, No. 91-cv-74099 (E.D. Mich. June 4, 1993). Judge Friedman also denied Berryman's motion for a certificate of probable cause. On November 22, 1993, the Sixth Circuit agreed with Judge Friedman and also denied Berryman's motion for a certificate of probable cause. *Berryman v. Grayson*, No. 93-1920 (6th Cir. Nov. 22, 1993).

In May of 1995, Berryman then filed a petition for writ of habeas corpus in the state trial court, alleging that his retrial did not occur in a timely fashion in 1977; therefore, the state did not have jurisdiction over him. The trial court denied Berryman's petition on August 11, 1995.

In January 1996, Berryman filed a petition for release from custody, essentially his fourth petition for writ of habeas corpus, again with this district, which was denied on March 13, 1997.  The Sixth Circuit declined to issue Berryman a certificate of appealability. *Berryman v. Colbert*, No. 97-1646 (6th Cir. Oct. 27, 1997). Berryman filed a petition for writ of certiorari to the United States Supreme Court, but it was denied on April 20, 1998. *Berryman v. Colbert*, 523 U.S. 1082 (1998).

In April 2002, Berryman filed a motion for relief from judgment with the state trial court, which was denied. *People v. Berryman*, No. 70-51885-01 (Wayne County Circuit Court, Nov. 12, 2004). On December 6, 2005, the Michigan Court of Appeals denied Berryman's delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Berryman*, No. 263187 (Mich.Ct.App. Dec. 6, 2005). The Michigan Supreme Court likewise denied Berryman's

3

application for leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Berryman*, 475 Mich. 887 (2006).

Subsequently, Berryman filed a motion requesting authorization to file a successive petition for writ of habeas corpus with the Sixth Circuit. On October 31, 2007, the Sixth Circuit, in a split decision, granted Berryman's request. It stated:

> In this motion, Berryman is seeking to raise claims of double jeopardy, ineffective assistance of counsel, denial of the transcript of his original trial, and actual innocence. He states that the claims were not raised in his previous petition. If the claims were raised before, they would be subject to dismissal under 28 U.S.C. § 2244(b)(1). If Berryman is correct that these claims were not raised in the previous petition, he is required to show that he is relying on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or that he has discovered new facts under which no reasonable factfinder would have found him guilty, in order to be entitled to authorization to file another petition under § 2244(b)(2). It appears that Berryman has had difficulty in obtaining the trial records needed to support his claims. To give him an opportunity to retrieve the missing information, we authorize the filing of another habeas corpus petition. The motion is granted.

*In re Philip Berryman*, No. 07-1384 (6th Cir. Oct. 31, 2007) (one panel member dissented, finding that Berryman had not met the requirements of 28 U.S.C. § 2244(b)(2)).

On January 30, 2008, Berryman filed his fifth habeas petition, which was assigned case number 07-14782, and assigned to the Honorable George Caram Steeh. On April 7, 2009, the court dismissed the petition with prejudice on the basis that it was filed in violation of the statute of limitations. *Berryman v. Scutt*, No. 07-cv-14782 (E.D. Mich. April 7, 2009). Berryman attempted to appeal this order, but the Sixth Circuit denied him a certificate of appealability. *Berryman v. Scutt*, No. 09-1635 (6th Cir. April 8, 2010).

An individual seeking to file a second or successive habeas petition must first ask

the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

At best for Berryman , the instant case constitutes his second petition for habeas relief since the Sixth Circuit's order granting him permission to file a successive habeas petition. The last petition was denied with prejudice, and the Sixth Circuit turned-down Berryman's efforts to appeal the denial. Berryman cannot proceed with the issues raised in the present petition, therefore, without first acquiring permission to file a second or successive habeas petition from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the habeas petition to the court of appeals pursuant to Sims and 28 U.S.C. § 1631.

5

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED** without prejudice for want of jurisdiction.

It is further **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 26, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

6